UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BANK OF AMERICA, N.A., et al.,
                           Plaintiffs,                    ORDER
              - against -
AMERICA'S IMAGING                              09-CV-4860 (JO)
CENTER INCORPORATED, et al.,
                         Defendants.
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

       On November 15, 2012, I "so ordered" the following summary of the decisions made at a conference earlier that day:

> For the reasons set forth on the record, I granted the plaintiffs' request to appoint a receiver and for related relief, *see* docket entry 28, provided, however, that by November 26, 2012, the parties shall confer as to (a) a proposed receiver; (b) an appropriate bond and undertaking; and (c) a carve-out with respect to Dr. Toobian's personal expenses. To the extent the parties are unable to agree on some or all of those matters, they shall jointly submit a report setting forth their competing proposals.

Docket Entry ("DE") 46 (the "Minute Order"); *see also* DE 57 (transcript of proceedings dated November 15, 2012). Pursuant to that Minute Order, the parties have submitted their respective positions on a number of issues as to which they could not agree, including a candidate for appointment as receiver and the specific terms of the appointment order. In addition, non-party Dr. Philip Baldeo has sought to be heard with respect to the terms of the anticipated appointment order. *See* DE 48; DE 49; DE 50; DE 54; DE 55; DE 56.

       In addition to contesting the terms of the anticipated appointment order, on December 14, 2012, the defendants filed a Notice of Appeal with respect to the Minute Order. DE 51. As a result, I questioned whether this court retains jurisdiction to resolve the parties' disputes and issue a final order appointing a receiver. *See* Order dated December 18, 2012; DE 59 (minute entry for proceedings dated January 14, 2013). Upon further review of the relevant case law, I now conclude

that the pending Notice of Appeal did not divest this court of jurisdiction to issue such an order. Although it is well-established that a notice of appeal divests a lower court of jurisdiction over matters forming the basis for the appeal, "[i]t is equally established … that while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment." *In re Prudential Lines*, 170 B.R. 222, 243 (S.D.N.Y. 1994); *see, e.g., C.H. Sanders Co. v. BHAP Housing Devel. Fund Co.*, 750 F. Supp. 67, 69 (E.D.N.Y. 1990). "This is true because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review." *In re Prudential Lines*, 170 B.R. at 243.

The subject of the pending Notice of Appeal is the determination, reflected in the Minute Order, that the plaintiffs have demonstrated a sufficient basis for me to order the appointment of a receiver. *See* DE 46. The remaining issues in dispute are matters of how best to implement that determination. Issuing a final order appointing a receiver will not have an impact on the issues in dispute on appeal; moreover, in light of the extent to which the parties reached agreement at the conference on January 14, 2013, *see* DE 59, it is likely that the final order may not add much, if anything, to the matters under review.

For the reasons set forth above, I find that this court retains jurisdiction to enter a final order appointing a receiver. I therefore direct the plaintiffs to promptly submit a proposed order consistent with the determinations and agreements made at the conference on January 14, 2013. *See* DE 59.

SO ORDERED.

Dated: Brooklyn, New York
January 15, 2013

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge

2